**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Marcus Fashaw**, # 293833, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 3:08-1766-PMD-JRM |
| v. ) | |
| ) | |
| **Jon Ozmint**, SCDC; ) | **ORDER** |
| **State of South Carolina**; ) | |
| **McKither Bodison**, Warden of Lieber ) | |
| Correctional Institution ) | |
| ) | |
| Respondent. ) | |
| ) | |

In this matter, *pro se* Petitioner Marcus Fashaw ("Fashaw" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming ineffective assistance of counsel. This Petition was filed on May 5, 2008. On September 5, 2008, Respondents filed a Motion for Summary Judgment. After being advised as to the necessity of responding to a Motion for Summary Judgment, Petitioner filed a Response in Opposition on October 15, 2008. The record contains the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph McCrorey, made pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Magistrate Judge recommends to this Court that Respondents' Motion for Summary Judgment be granted with regard to each of Petitioner's grounds. A party may object, in writing, to an R&R within ten days after being served with a copy of the report. Petitioner filed timely Objections to the R&R on March 29, 2009.

**BACKGROUND**

During the early morning hours of June 11, 2002, two masked gunmen robbed the Kwik-Fill convenience store in Cheraw (Chesterfield County), South Carolina. Investigation led police to Aven

Sellers ("Sellers"). Sellers gave a statement in which he admitted robbing the Kwik-Fill and identified Fashaw as his accomplice. Both were arrested. Sellers negotiated a plea to the charge, as well as another charge, and pled guilty in September of 2002.[1] Fashaw proceeded to trial in June of 2003. He was represented by Larry Wayne Knox, Esquire (Knox). The main evidence against Fashaw was the testimony of Sellers, which was corroborated by other evidence in certain respects. Knox did not put on a case-in-chief, but conducted a thorough cross-examination of each of the State's witnesses. The jury found Fashaw guilty, and he was sentenced to twenty-six (26) years imprisonment.

A direct appeal was perfected by the South Carolina Office of Appellate Defense which submitted an *Anders*[2] brief raising the following issue:

> Whether the trial court erred in refusing to suppress evidence seized from Mary Sellers' apartment when Charlotte Sellers did not have the authority to consent to search?

(Vol. 2, 510.) Fashaw also submitted a *pro se* brief asserting that the trial court lacked subject matter jurisdiction because the indictment did not sufficiently charge accomplice liability. (Vol. 2, 525.) The South Carolina Court of Appeals dismissed the appeal. *See State v. Fashaw*, Op. No. 2004-UP-451 (S.C. Ct. App. Aug. 25, 2004). The Remittitur was returned on September 27, 2004.

Fashaw filed an application for post-conviction relief ("PCR") on December 8, 2004. (Vol. 2, 517.) An evidentiary hearing was held on August 8 and August 12, 2005. (Vol. 2, 571.) Burnie W. Ballard, Esquire represented Fashaw. The PCR Court issued an order of dismissal on September

---

[1] Sellers received an indeterminate sentence not to exceed six (6) years imprisonment under the South Carolina Youthful Offenders Act ("YOA").

[2] *Anders v. California*, 386 U.S. 738 (1967).

26, 2005.  (Vol. 2, 715.)

A petition for writ of certiorari was filed in the Supreme Court of South Carolina by the South Carolina Commission on Indigent Defense raising the following issue:

> Whether defense counsel was ineffective in failing to request a jury instruction limiting the effect of the co-defendant's guilty plea so as not to be considered as evidence of a petitioner's guilt?

The petition for writ of certiorari was granted on July 19, 2007.  The parties submitted briefs.  On January 28, 2008, the South Carolina Supreme Court dismissed the petition for writ of certiorari.

On May 5, 2008, Petitioner filed a *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in this Court. Petitioner raises the following grounds:

1. Trial Counselor was ineffective for failing to request a jury instruction limiting the effect of the co-defendant's guilty plea so as not to be considered as evidence of Petitioner's guilt.

2. Trial Counselor was ineffective for failing to call an alibi witness.

3. Trial Counselor was ineffective for failing to investigate the Petitioner's criminal history, to object to the indictment, to object to admission of evidence, to have a DNA test conducted, to object to the denial of a motion for directed verdict, and to object to improper comments made by the solicitor.

4. Trial Counselor was ineffective by failing to object to hearsay, because of the ineffective assistance of appellate counsel, because the trial court lacked subject matter jurisdiction, and because the appellate court lacked subject matter jurisdiction.

Respondents filed a Motion for Summary Judgment on September 5, 2008.  Petitioner filed a Motion in Opposition to Respondents' Motion on October 15, 2008.

On March 11, 2009, the Magistrate Judge issued an R&R recommending that Respondents' Motion for Summary Judgment be granted, and that the Petition be dismissed.  With respect to Ground One, the Magistrate Judge found that the PCR court had addressed this issue and that its

application of the *Strickland* test was not unreasonable or contrary to existing law. (R&R at 7.) The Magistrate Judge found that the remaining grounds were procedurally bypassed and should not be considered by this Court. The Magistrate Judge also found that Petitioner failed to establish cause for his failure to raise these grounds in his petition for writ of certiorari or actual prejudice from the failure to review these grounds. (R&R at 13.) Furthermore, the Magistrate Judge found that Petitioner abandoned his remaining claims by failing to argue them in his *Roseboro*[3] response. (R&R at 13.)

Petitioner filed a timely Objection to the R&R on March 27, 2009.

## **STANDARD OF REVIEW**

**A.    Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 269 (1976). The Court reviews *de novo* those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C). As to those portions of the Report for which no such specific written objections are made, the Court "need not conduct a *de novo* review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After a review of the entire record, the R&R, Petitioner's Petition and his Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

**B.      Summary Judgment**

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence but rather to determine if there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## DISCUSSION

**I.     Petitioner's Objection to the Magistrate Judge's R&R.**

The Court notes, at the outset, that Petitioner has failed to make any specific objections to

the R&R as required by 28 U.S.C. § 636(b)(1). Instead, Petitioner requests that he be allowed to amend his complaint to include only exhausted claims. Accordingly, his Objection will be treated as a Motion to Amend. Furthermore, since Petitioner's Objection to the R&R neither specifically identifies the portions of the R&R to which he objects nor states the basis for such objections, this Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the [magistrate's] recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.

### A.    Petitioner's First Ground for Relief Stating that Defense Counsel Was Ineffective in Failing to Request a Jury Instruction Limiting the Effect of the Co-defendant's Guilty Plea so as not to be Considered as Evidence of Petitioner's Guilt

Petitioner is seeking habeas relief under 28 U.S.C. § 2254 on the grounds that his federal constitutional rights were violated by the state court proceedings. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). However, because of the significant federalism concerns implicated, this Court will only grant habeas relief sparingly for matters arising out of state courts. The exhaustion of Petitioner's first ground for relief is uncontested, and it is properly before this Court.

With respect to claims that are adjudicated by the state court on their merits, habeas relief is warranted only if a petitioner can demonstrate that the adjudication of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

6

presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause only if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal habeas court may not issue the writ under the "unreasonable application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

The Court notes that Petitioner did have this claim adjudicated on its merits by the South Carolina PCR court, which stated that Petitioner "failed to set forth any cognizable reason to support

7

his claim that trial counsel was ineffective in his failure" to request a jury instruction limiting the effect of the co-defendant's guilty plea. (Vol. 2, 721.) The PCR court found that trial counsel committed no error under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (R&R at 6.) Therefore, as the Magistrate Judge noted, this Court's "analysis should center on whether the state courts properly applied the *Strickland* test." *See Williams v. Taylor*, 529 U.S. 362 (2000) ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.") (R&R at 5.)

In addressing issues concerning the ineffectiveness of counsel, the Supreme Court of the United States has set forth a two-pronged test which was announced in *Strickland*, 466 U.S. at 687-98 (1984). The first prong of the *Strickland* test, the performance prong, relates to professional competence. In order to satisfy this prong, the petitioner must show that his attorney's representation was deficient and that it fell below "an objective standard of reasonableness." *Id*. at 687-91. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort must be made to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. The Supreme Court and the Fourth Circuit have both emphasized that in making this determination, there is a presumption that trial counsel's conduct was within the wide range of reasonable professional assistance credited to attorneys representing criminal defendants. *Id*. at 689; *see also Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

In order to show that the second prong, the prejudice prong, of the *Strickland* test has been violated, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If the petitioner does not meet his burden of proving prejudice, then "a reviewing court need not consider the performance prong." *Id*.

In order for Petitioner to succeed on this claim, he must satisfy both of the *Strickland* prongs for ineffective assistance of counsel. He must show that his trial attorney's decision not to request a jury instruction limiting the effect of a co-defendant's guilty plea fell below an objective standard of reasonable legal decisionmaking, and that, absent those decisions, there is a reasonable probability that the outcome would have been different. Furthermore, since Petitioner raised this claim before the PCR court, which dismissed Petitioner's claim for failure to establish either prong of the *Strickland* test, this Court can only grant Petitioner's claim for habeas relief on this ground if the PCR court's decision constituted an unreasonable application of federal law.

A review of the record indicates that the PCR court did not act contrary to or unreasonably apply the *Strickland* test in determining whether trial counsel was ineffective by failing to request a jury instruction regarding co-defendant's plea. Petitioner speculates that the outcome of his case would have differed had trial counsel requested such an instruction, but such a claim is nothing more than speculative hindsight, unsupported by any objective legal or factual basis. Courts have firmly established the legal principle that reasonable strategic decisions may not form the basis of an ineffective assistance of counsel claim. *See, e.g.*, *United States v. Roane*, 378 F.3d 382, 404-05 (4th Cir. 2004) ("Under the first prong of *Strickland*, we apply a 'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.' ").

Here, the evidence of a co-defendant's guilty plea was admissible for purposes of impeachment pursuant to Rule 609, S.C.R. Evid., and the trial judge issued a full and proper jury

charge about witness credibility. (Vol. 1, 482-83.) Nothing in the record suggests that Sellers' guilty plea was admitted as substantive evidence, and given Sellers' testimony, such evidence was unnecessary for the jury to return a guilty verdict. The State never argued to the jury that Petitioner's guilt should be inferred from Sellers' guilty plea; instead, the State focused on Sellers' testimony and its corroboration. Trial counsel acknowledged that the key evidence against Petitioner was his co-defendant's testimony. (Vol. 2, 580.) Furthermore, trial counsel used Sellers' guilty plea as an important means of attacking Sellers' credibility, emphasizing that the plea bargain was a "blessed deal" and that his YOA sentence was inappropriately lenient for his crimes. (Vol. 1, 384-86.) Trial counsel obviously believed that the guilty plea primarily undermined, rather than bolstered, Sellers' testimony. At the PCR hearing, trial counsel explicitly stated he thought such a jury instruction was unnecessary. (Vol. 2, 618.) Under such circumstances, it was not unreasonable for trial counsel to conclude that the requested jury instruction at issue was unnecessary and superfluous, especially given the weight of the co-defendant's direct testimony.

Even if the Court accepts Petitioner's assertion that the trial would have gone better had his attorney requested a limiting instruction, that does not mean that trial counsel's representation was ineffective. The Constitution does not guarantee defendants perfect representation or even great representation, only representation that is sufficient to effectively represent their interests. Here, Petitioner was represented by an attorney who diligently cross-examined every State witness in an attempt to undermine evidence which convincingly implicated the Petitioner. The fact that trial counsel ignored one possible defense tactic does not constitute ineffectiveness where that tactic was unnecessary and superfluous.

However, even if this Court presumed otherwise and held that trial counsel's representation

fell below an "objective standard of reasonableness," Petitioner has failed to show how he was prejudiced by the error. The co-defendant's direct testimony expressly implicated the Petitioner in the crime, and his testimony was corroborated by physical evidence and the testimony of others. Trial counsel thoroughly cross-examined Sellers, the co-defendant, attempting to show bias, motive to lie, and to impeach him with a prior burglary conviction. (Vol. 1, 383-407.) Trial counsel pointed out discrepancies in witnesses' testimony regarding the color of the gun (Vol. 1, 124-25, 134-35, 222, 461), that Petitioner was not identifiable on the videotape of the armed robbery (Vol. 1, 123, 453.) and that the Kwik-Fill attendant could not identify Petitioner as one of the masked robbers (Vol. 1, 69, 98.) In spite of such efforts by trial counsel, the jury believed Sellers' versions of events and convicted Petitioner. Any consideration that the jury might have given to Sellers' guilty plea was slight in comparison to the weight of his direct testimony and the corroborating evidence. Under such circumstances, it cannot be said that the outcome of the case was undermined by trial counsel's failure to request a particular jury instruction.

Therefore, this Court holds that the PCR court's interpretation and application of *Strickland* was not unreasonable, that trial counsel's representation was constitutionally adequate, and that Petitioner was not prejudiced by trial counsel's failure to request a jury instruction limiting the effect of the co-defendant's guilty plea. Thus, Petitioner's first ground for relief fails as a matter of law.

### B.     Petitioner's Remaining Grounds for Relief

The Supreme Court of the United States has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas

11

review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal which could have been raised at an earlier time.

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus. Claims not so raised are considered defaulted." *Breard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). The theory of exhaustion is based upon 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions. *See generally O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. The burden of proving that a claim has been exhausted lies with the petitioner. The exhaustion requirement, though not jurisdictional, is strictly enforced.

Additionally, a claim has not been exhausted unless the substance of a petitioner's claim is "fairly presented" to the state courts. The Fourth Circuit has held that "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice. In other words,

fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

In order to exhaust his collateral claims in state court, a South Carolina habeas corpus petitioner must pursue a direct appeal and file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10-160. As the Supreme Court of South Carolina has explained, "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

The Supreme Court of South Carolina has recently reiterated the general rule that a PCR judge must make specific findings of fact and conclusions of law for an issue to be preserved for appellate review, and a Rule 59(e) motion must be filed if issues are not adequately addressed in order to preserve those issues for appellate review. *Marlar v. State*, 375 S.C. 407, 410, 653 S.E.2d 266, 267 (2007) (citing *Pruitt v. State*, 310 S.C. 254, 423 S.E.2d 127, 128 n.2 (1992)).

The only issue Petitioner raised before the Supreme Court of South Carolina on appeal was the issue addressed in *Part A* of this Order. Although some of Petitioner's other claims were addressed by the PCR court and thus preserved for appellate review, Petitioner did not raise them in his initial appeal to the Supreme Court of South Carolina. Petitioner's failure to raise them on initial appeal has resulted in state procedural bypass. This Court is therefore barred from considering Petitioner's remaining claims absent a showing of "cause" and "actual prejudice" under *Coleman*. Petitioner has not attempted to make this requisite showing under *Coleman* in either his *Roseboro* response or his Objections to the Magistrate's Report and Recommendation. Absent this

13

showing, this Court need not entertain his procedurally bypassed claims, and, pursuant to *Smith v. Murray*, this Court is foreclosed from considering them. This Court therefore holds that all of Petitioner's claims except for that covered in *Part A* of this Order are not properly before this Court because they have been procedurally bypassed and because they have been abandoned as a result of Petitioner's failure to argue in support of them in either his *Roseboro* response or Objection. Accordingly, these claims fail as a matter of law.

II.     Petitioner's Motion to Amend.

Federal law specifically provides that habeas corpus petitions "may be amended . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Accordingly, this Court looks to Rule 15 in deciding whether to grant a habeas petitioner's Motion to Amend his petition, which states that leave to amend "shall be freely given when justice so requires." "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.,* 785 F.2d at 510-511; *see also Rambus, Inc. v. Infineon Tech., AG,* 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, *e.g*., under motions to dismiss or for summary judgment, . . . , or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)); *see also Robinson v. GEO Licensing Co., L.L.C.*, 173 F. Supp. 2d 419, 423 (D. Md. 2001).

In his Objection, Petitioner requests that he be granted a motion to amend his Petition to include only exhausted claims, citing *Rose v. Lundy*, 455 U.S. 509 (1982) for the proposition that he is entitled to choose between returning to state court to exhaust his claims or amending his Petition to include only exhausted claims. Petitioner, however, is not entitled to such a choice, rather the choice is the effect of the dismissal of a "mixed petition" by a habeas court. According to *Rose*, a "mixed petition" must be dismissed by a habeas court, leaving a petitioner with the ability to amend his petition to include only exhausted claims or to return to state court to exhaust his unexhausted claims. *Id.*, at 522. However, that holding has been superceded by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") amendments, and federal habeas courts are no longer required to dismiss unexhausted claims without prejudice but may, pursuant to 28 U.S.C. § 2254(b)(2) and consistent with aims of comity and federalism, entertain such claims and dismiss them on the merits.

Regardless, Petitioner fails to recognize that his Petition is not a "mixed petition" as he contends because the exhaustion requirement is technically met as a result of state procedural bypass. Procedural bypass of a claim in state courts causes the exhaustion requirement to be "technically met" and forecloses federal habeas courts from entertaining the bypassed claims. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997); *cert. denied*, 522 U.S. 833 (1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996). Accordingly, this Court is not required to dismiss any of Plaintiff's claims without prejudice Petitioner's Petition falls under the "total exhaustion" doctrine of *Rose* because his claims are "technically exhausted." Instead, this Court dismisses with prejudice Petitioner's bypassed claims because they are not properly before the Court.

15

Petitioner's Motion to Amend is denied on the basis of its futility. Petitioner has failed to argue that his procedurally bypassed claims are excused, and he has no further means of pursuing those claims. The only claim that Petitioner could properly amend his Petition to include has been addressed and dismissed in *Part A* of this Order. Amendment in this instance is frivolous because it would offer Petitioner no further relief than he has already been, or could possibly be, afforded. Therefore, Petitioner's Motion to Amend is justifiably denied.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Respondent's Motion for Summary Judgment is **GRANTED** and the Petition is **DISMISSED.** It is further **ORDERED** that Petitioner's Motion to Amend his Petition is **DENIED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**

**June 11, 2009**

16